IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GABRIEL ADAMES,

    Petitioner,

v.

JOHN HINTON,

    Respondent.

CASE NO. 2:16-CV-00963
JUDGE MICHAEL H. WATSON
MAGISTRATE JUDGE KEMP

### REPORT AND RECOMMENDATION

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 and has also moved for a temporary restraining order.  This matter is before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. That Rule provides that the Court shall dismiss a habeas corpus petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the motion for a temporary restraining order be **DENIED** and that this action be **DISMISSED.**

### I.  Facts and Procedural History

According to the *Petition,* this action involves Petitioner's underlying convictions pursuant to his guilty plea in the Licking County Court of Common Pleas on charges of

receiving stolen property and misuse of a debit card.  The trial court imposed a sentence of sixty days incarceration.  Petitioner did not file an appeal.

Petitioner indicates that he has filed a motion to withdraw his guilty plea on a claim of the denial of the effective assistance of counsel under *Padilla v. Kentucky*, 559 U.S. 356 (2010), a case which held that the failure to advise a criminal defendant of the immigration consequences of his guilty plea constitutes ineffective assistance of counsel.  According to online records of the Licking County Court of Appeals, that motion was denied on October 12, 2016.  Petitioner appealed that order, and his appeal is now pending in the Fifth District Court of Appeals.  On October 6, 2016, before the trial court issued its ruling, Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He asserts in his petition that his state conviction is void due to ineffective assistance of counsel.

Petitioner also indicates that deportation proceedings have commenced against him as a result of his underlying conviction in this case.  He has filed a *Motion for Temporary Restraining Order* requesting that the Court restrain the Department of Justice and the Department of Homeland Security from continuing with removal proceedings pending the state court's decision on his motion to withdraw his guilty plea.

## II.  In Custody Requirement

The Court turns first to Petitioner's attack on his state court conviction.  For the following reasons, this Court cannot grant him any relief with respect to that conviction.

First, it appears that Petitioner's sentence has now completely expired, and that it expired prior to the time he filed this action. Under such circumstances, a federal habeas court lacks jurisdiction to consider a §2254 petition. A federal habeas corpus petitioner must be "in custody" under the conviction or sentence under attack at the time he files his habeas corpus petition. 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490–491 (1989) (citing *Carafas v. La Valle*, 391 U.S. 234, 238 (1968); 28 U.S.C. § 2254(a)). "When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer 'in custody' pursuant to that conviction." *Ferqueron v. Straub*, 54 Fed.Appx. 188, 189 (6th Cir. Dec.13, 2002) (citing *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001)). A prisoner who has been released on parole on his unexpired sentence fulfills the "in custody" requirement for habeas corpus review. A petitioner whose sentence has completely expired prior to the filing of his habeas corpus petition, however, does not. *Maleng*, 488 U.S. at 492–93. "The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner 'in custody' under § 2254(a)." *Ferqueron*, 2002 WL 31828191, at *1 (citing *Maleng,* 490 U.S. at 492).

It could be argued that a petitioner's immigration status constitutes a collateral consequence of his conviction and that he therefore may still challenge that conviction in a §2254 action. However, it has been held that being in the custody of immigration authorities does not satisfy the "in custody" requirement for federal habeas corpus proceedings, without which this Court lacks jurisdiction to consider the §2254 petition.

*Camera v. New York*, 2012 WL 3242697, at *3 (S.D.N.Y. Aug.9, 2012) ("[I]mmigration detention is not 'custody' for the purposes of establishing jurisdiction to consider habeas petitions challenging a state court conviction pursuant to 28 U.S.C. § 2254," quoting *Ogunwomogu v. United States*, 512 F.3d 69, 70 (2d Cir. 2008). Therefore, it appears that this Court lacks jurisdiction to consider the §2254 petition on the basis that Petitioner's sentence on the conviction under attack appears to have fully expired prior to the date that he filed this action. As the *Camera* court said,

> [The fact t]hat Petitioner is not in custody for his 1996 conviction strips this Court of jurisdiction to consider the merits of the Petition (and whether *Padilla* should be applied in this case). *See Guzman v. United States*, No. 11–CV–2433, 2011 WL 6097128, at *3–4 (S.D.N.Y. Dec.7, 2011) (dismissing for lack of jurisdiction habeas petition alleging ineffective assistance of counsel, noting that "collateral immigration consequences of a petitioner's conviction are not sufficient to satisfy this jurisdictional requirement," and that "[e]ven if [petitioner] were incarcerated by immigration authorities or subject to deportation, his sentence would not be challengeable on this basis alone"); see *also Mainali v. Virginia*, No. 11–CV–1215, 2012 WL 2619132, at *2–3 (E.D. Va. June 25, 2012) (holding that *Padilla* did not alter the custody requirement, and that a petitioner is not in custody after completing his sentence merely because he faces deportation); *Vasquez v. Ryan*, No. 11–CV–2300, 2012 WL 959354, at *5–6 (E.D.Pa. Mar. 21, 2012) (same); *Fenton v. Ryan,* No. 11–CV–2303, 2011 WL 3515376, at *2 (E.D.Pa. Aug. 11, 2011) (same); *United States v. Krboyan*, No. 10–CV–2016, 2010 WL 5477692, at *6–7 (E.D.Cal. Dec. 30, 2010) (same); *Walker v. Holder,* No. 10–CV–10802, 2010 WL 2105884, at *1 (D.Mass. May 24, 2010) ("Here, [petitioner] represents that he completed his sentence and is in custody—not as a sentenced prisoner—but as an immigration detainee. Because he has completed his criminal sentence for the

> conviction which he seeks to challenge, [petitioner] is not 'in custody' for purposes of § 2254.").

*Camera v. New York*, 2012 WL 3242697, at *4; *see also Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992)(deportation proceedings constitute a collateral consequence of the conviction insufficient to satisfy in custody requirement for §2255 proceedings) (citation omitted); *United States v. Montoya*, 891 F.2d 1273, 1293 (7th Cir. 1989); *United States v. Romero–Vilca*, 850 F.2d 177, 179 (3d Cir. 1988); *Fruchtman v. Kenton*, 531 F.2d 946, 949 (9th Cir.1976); *United States v. Santelises*, 509 F.2d 703, 704 (2d Cir. 1975) (*per curiam*)); *see also Mainali v. Virginia,* 873 F.Supp.2d 748, 7511–52 (E.D.Va. June 25, 2012) (same) (citing *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (other citations omitted)).

### III. Exhaustion

There is a second reason why the Court cannot grant Petitioner any relief with respect to his state court conviction. Even if Petitioner could satisfy the "in custody" requirement of §2254, his claim for relief has not been properly exhausted through the state court system..

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review.  *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

Petitioner indicates he also presented his claim for relief by way of a motion for a new trial.  Although that motion was denied, his appeal from the denial of the motion is still pending in state court. Therefore, his claim is unexhausted, and the Court may not consider it unless and until he completes the state appellate process.

### IV.  Motion for Temporary Restraining Order

Petitioner also requests that the Court issue an order restraining the Department of Justice and the Department of  Homeland Security from removing him from the United States pending resolution of his motion to withdraw his guilty plea.  He has not named any agency or officer of the United States as a party, however, and the Court cannot issue orders of any kind against entities or persons who are not named parties in the case.  Even if the proper respondent (such as the Attorney General of the United States) had been named, this Court lacks the authority to stay deportation proceedings in the context of a habeas corpus petition.  *See Elcheikhali v. Holder*, 2010 WL 4818390, at *2 (N.D. Ohio Nov. 22, 2010)(the REAL ID Act stripped this Court of its jurisdiction to

issue such a stay, as well as the Petitioner's right to receive one from this Court)(citing 8 U.S.C. § 1252(a)(2)(C)).

> Section 106 of the REAL ID Act of 2005, Pub.L. No. 109–13, Div. B, 119 Stat. 231, 310–11 ("REAL ID Act") (codified at 8 U.S.C. § 1252), "clearly eliminates a habeas petition as a means for judicial review of a removal order." *Muka v. Baker*, 559 F.3d 480; *see Elia v. Gonzales*, 431 F.3d 268, 273 n. 5 (6th Cir.2005) (noting that "the REAL ID Act amendments limit habeas relief" in immigration cases). Thus, a petitioner's "sole and exclusive" method to obtain judicial review of a final order of removal is to petition the appropriate circuit court of appeals for review. 8 U.S.C. § 1252(a)(5)

*Id*. "All court orders regarding alien removal, including stays or permanent injunctions, are issued by the appropriate court of appeals." *Id*. (citing 8 U.S.C. §§ 1252(a) (2)(D), 1252(a)(5)). *See also Moussa v. Jenifer*, 279 F.Supp.2d 861, 864 (E.D. Mich. Aug. 28, 2003)("Pursuant to 8 U.S.C. § 1252(g) and AADC, this Court may not review the Attorney General's discretionary decision to execute a removal order")(citations omitted). Although a federal habeas court may maintain jurisdiction to consider an immigrant alien's challenge to his underlying criminal conviction, *see Kellici v. Gonzales*, 472 F.3d 416, 419 (6th Cir. 2006)(citations omitted), Congress has made clear that all court orders regarding alien removal must be issued by the appropriate courts of appeals. *Tejada v. Cabral*, 424 F.Supp.2d296, 298 (D. Mass. March 23, 2006)(citing 8 U.S.C. §§1252(a)(2)(C), 1252(a)(2)(D),1252(a)(5))("One thing the REAL ID Act certainly did do. . . was emphatically to declare that this Court was not in any way to impede orders of removal.") *Id*. Petitioner therefore must seek a stay of his order of removal from the

appropriate Court of Appeals. *Id.* (citing *Santos v.Payant*, 2005 WL 1431688, at *1 (S.D.N.Y. June 17, 2005)).

## V.  Recommended Disposition

For the reasons set out above, the Magistrate Judge **RECOMMENDS** that Petitioner's motion for a temporary restraining order be **DENIED** and that this action be **DISMISSED**.

## VI.  Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal

the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge