# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Gabriel Adames,

    Petitioner,

v.

John Hinton,

    Respondent.

Case No. 2:16-cv-963
Judge Michael H. Watson
Magistrate Judge Kemp

## OPINION AND ORDER

On December 21, 2016, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules governing Section 2254 Cases in the United States District Courts recommending that the motion for a temporary restraining order, ECF No. 2, be denied and that this action be dismissed. ECF No. 3. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. ECF No. 4. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection*, ECF No. 4, is **OVERRULED**. The *Report and Recommendation*, ECF No. 3, is **ADOPTED** and **AFFIRMED**. Petitioner's *Motion for Temporary Restraining Order*, ECF No. 2, is **DENIED**. This action is hereby **DISMISSED**.

According to online records of the Licking County Court of Common Pleas, on November 25, 2015, Petitioner pleaded guilty to charges involving misuse of a debit card and receiving stolen property. Although Petitioner indicates that he

was sentenced to 60 days, *Petition*, ECF No. 1, PageID# 2, the online docket of the Licking County Court of Common Pleas indicates that the trial court additionally imposed a term of three years community control. Petitioner did not file an appeal. On April 16, 2016, he filed a motion to withdraw his guilty plea raising a claim of the denial of the effective assistance of counsel under *Padilla v. Kentucky*, 559 U.S. 356 (2010) (the failure to advise a criminal defendant of immigration consequences of a guilty plea constitutes the ineffective assistance of counsel). On October 12, 2016, the trial court denied Petitioner's motion to withdraw guilty plea. Petitioner's appeal remains pending in the Ohio Fifth District Court of Appeals. Meanwhile, on October 6, 2016, Petitioner filed the instant petition for a writ of habeas corpus. He asserts that his conviction is void due to the ineffective assistance of counsel. He has filed a *Motion for Temporary Restraining Order* requesting that the Court restrain the Department of Justice and the Department of Homeland Security from continuing with removal proceedings pending resolution of his motion to withdraw his guilty plea. The Magistrate Judge recommended dismissal of this action as unexhausted and Petitioner failed to establish that he was "in custody" as required to obtain § 2254 review. The Magistrate Judge further recommended that Petitioner's *Motion for Temporary Restraining Order* be denied.

Petitioner objects to the Magistrate Judge's recommendation of dismissal. Although the appeal of his motion to withdraw guilty plea remains pending in the Ohio Court of Appeals, Petitioner argues that this Court should grant a writ of

*coram nobis* under the All Writs Act of 28 U.S.C. § 1651. Petitioner argues that exhaustion of state court remedies does not apply to issuance of a writ of *coram nobis*. Additionally, Petitioner contends that, despite statutory authority depriving this Court of jurisdiction to issue a stay in removal proceedings, the Court nonetheless retains constitutional authority for issuance of a stay, and may fashion any remedy deemed to be appropriate.

"The writ of error *coram nobis* is an extraordinary writ that allows a person who is no longer 'in custody' . . . to collaterally attack his conviction." *United States v. Abou-Khodr*, No. 99-cv-81073, 2013 WL 4670856, at *4 (E.D. Mich. Aug. 30, 2013) (citing *United States v. Morgan*, 346 U.S. 502, 510–11 (1954)). A petitioner seeking relief must establish: "(1) an error of fact, (2) unknown at the time of trial, (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Id.* (citing *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 1996)); *see also Morgan*, 346 U.S. at 512 (a *coram nobis* request may be considered where "no other remedy [is] available and sound reasons exist for failure to seek appropriate earlier relief"); *United States v. Nyhuis*, 40 F. App'x 80, 81 (6th Cir. 2002) ("the doctrine of laches applies to *coram nobis* proceedings" and "[t]o avoid the bar, a *coram nobis* petitioner must demonstrate that sound reasons exist for not seeking appropriate relief previously"). A writ of error *coram nobis* "is so extraordinary that it is used only in 'circumstances compelling such action to achieve justice.'" *Id.* (quoting *United States v. Morgan*, 346 U.S. 502, 511

(1954)). Such circumstances may occur where a petitioner has been denied the effective assistance of counsel under *Padilla*, thereby resulting in removal proceedings, when he no longer remains in custody on his sentence of conviction. *See id.* at *5 (holding that the unusual remedy of *coram nobis* was warranted where the petitioner's "attorney affirmatively misled him that he would not be deported if he pleaded guilty, and those false promises were supported by the court's comments and the government's representations") (citing *United States v. Akinsade*, 686 F.3d 248 (4th Cir.2012)).

However, a person who remains "in custody" under the judgment under attack cannot obtain *coram nobis* relief. *United States v. Sferrazza*, 645 Fed.Appx. 399, 405 (6th Cir. 2016) (citing *United States v. Johnson*, 237 F.3d at 755). For purposes of evaluating a *coram nobis* petition, a defendant is "in custody" while he is completing a term of supervised release. *Id.* (citations omitted). Here, considering the online records of the Licking County Court of Common Pleas, it remains unclear whether or not Petitioner is "in custody," or under the supervision of the terms of community control, such that the writ of *coram nobis* may be available to him. Further, plainly an adequate remedy remains available to Petitioner in the state courts whereby he may obtain redress on his claim, *i.e.*, the pending appeal of his motion for a new trial. That being the case, the record fails to reflect that the extraordinary remedy of the writ of *coram nobis* is appropriate. *See United States v. Morgan*, 346 U.S. at 511 ("Continuation of litigation *after final judgment and exhaustion or waiver of any*

*statutory right of review* should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice.") (emphasis added). *See also Haddad v. United States*, No. 07-cv-12540, 97-cr-80150, 2010 WL 2884645, at *4 (E.D. Mich July 20, 2010) (noting that "a writ of error *coram nobis* provides a remedy to correct fundamental errors only under 'circumstances compelling such action to achieve justice' in both civil and criminal cases where a direct appeal is not available") (citing *Morgan*, 346 U.S. at 511). "[I]t would be senseless to suppose that Congress permitted [petitioners] to pass through [a] closed door simply by changing the number" to the All Writs Act on their motions. *United States v. Logan*, 22 F.Supp.2d 691, 694 (W.D. Mich. 1998) (internal quotations omitted). Therefore, and as discussed by the Magistrate Judge, Petitioner's request for a stay of his removal is not appropriately addressed by this Court.

For these reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection*, ECF No. 4, is **OVERRULED**. The *Report and Recommendation,* ECF No. 3, is **ADOPTED** and **AFFIRMED**. Petitioner's *Motion for Temporary Restraining Order*, ECF No. 2, is **DENIED**. This action is hereby **DISMISSED**.

    **IT IS SO ORDERED.**

**MICHAEL H. WATSON**
**United States District Judge**